PER CURIAM.
The election for the office of Chief of Police for the Town of Patterson, Louisiana, is contested by the losing candidate on the following grounds. He has alleged that numerous persons casting votes were not qualified to vote because they lived outside the municipal limits of Patterson and that commissioners allowed persons to vote even though their registration cards showed that they did not reside within the corporate limits of Patterson. The case was tried on its merits and the trial judge, in excellent reasons for judgment, dismissed the contestant’s suit. He has taken this appeal.
We affirm and adopt the following portions of his reasons for judgment as our own:
“All of the Election Commissioners, the Registrar of Voters, Deputy Registrar of Voters and the Clerk of Court testified. From the testimony of all of these witnesses the court finds that the City of Patterson is within Ward 5 of St. Mary Parish, however, only two precincts of Ward 5 vote in ‘Patterson’ Town elections. These two precincts are precincts one and three of Ward 5.
“The voter registration ‘official record’ and a duplicate record are kept in the Office of the Registrar of Voters in Morgan City, Louisiana, a short distance from the Town of Patterson. The voter cards which form the official record reflect the names of the voters who have registered and are entitled to vote. On the cards in the official record book, those persons who have been found by the Registrar of Voters in charge of the Morgan City office not eligible to vote in Ward 5 precincts one and three because they live outside the city limits of Patterson have been marked with the letters ‘O.T.’ These letters are placed on the voter cards to show Election Commissioners that the persons have ‘O.T.’ written on their voter cards are not eligible to vote in elections held within the Town of Patterson for its municipal officer.
“A number of the voter cards have erasures, and ‘scratch outs’ of the letters ‘O.T.’. This was explained to the satisfaction of *589 the court by the testimony of the Registrar of Voters. The Morgan City office has had many Deputy Registrar of Voters. The present Deputy Registrar, a Ms. Charpentier, has held this office only ten months. Within the past few years, several other persons have held this office. The present Deputy Registrar did not cause any erasures or ‘scratch outs’ on the voter cards. These imperfections were on these cards before she assumed her office. The Registrar of Voters of the Parish of St. Mary testifies these erasures and ‘scratch outs’ have been on the cards for many years. The court is convinced that the voter cards were not altered or changed for the purpose of this election and in no way prejudiced the parties to their election.
“Testimony adduced show that throughout the years erasures and ‘Scratch outs’ on the voter cards reflected changes in domicile and/or residences of the voters. Persons previously living outside the Town of Patterson moved into the Town of Patterson and advised the Registrar of Voters who took the simple expediency of scratching out or erasing the ‘O.T.’ on the voter cards of these persons. Obviously there are some voters who have not advised the Registrar of Voters of changes in address and their voter designation has not changed. Thus, we have persons living within the city limits of the Town of Patterson with an ‘O.T.’ on there voter cards because they moved from another Ward 5 location into the Town of Patterson and also persons formerly living within the City having moved outside the city limits were eligible to vote because the Registrar was not advised of the change of address.
“These series of events, that is, the change of residents and/or domicile and failure to change designation of voter cards have occurred for many years. This was known to the Board of Election Supervisors, of which the plaintiff was and still is a member of this august body. Plaintiff, by his own testimony admitted knowledge of persons moving in and out of the Town of Patterson without notifying the Registrar of Voters of change of address. In fact, the plaintiff indicated he had participated in four election contests in Patterson, Louisiana, and his testimony indicates that he was aware of the circumstances surrounding the election contest. Plaintiff had a list of all registered voters sometime prior to the election contest of April 1, 1978. Of course he won the previous election contests, but this contest he lost and the court finds therein lies the reason for the suit filed in this instance. The plaintiff acknowledged that automobiles, probably about six automobiles, were going out beyond the city limits to pick up voters to vote in the election. Although these vehicles were not per se working for the plaintiff, plaintiff knew full well what was going on. This court is of the opinion that the plaintiff cannot, under L.R.S. 18:1434, know of objections to voter qualifications and/or irregularities in the conduct of the election to await the outcome of an election and then, after losing the election, contest or complain of these objections to voter qualification and irregularities.
“L.R.S. 18:1434 reads as follows:
‘An objection to the qualifications of a voter or to an irregularity in the conduct of the election which, with the exercise of due diligence, could have been raised by a challenge of the voter or objections at the polls to the procedure is deemed waived.’
“Plaintiff alleges commissioners selectively refused persons to vote on the basis that they would have cast votes favorably to the plaintiff. This allegation has not been proven, and if we were to assume it was, only six persons were proven to have been refused the right to vote. This would not change the election results.”
For the above reasons the judgment of the trial court is affirmed.
AFFIRMED.